# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK ALTIERI** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 17-4447 |
| **v.** | : | |
| | : | |
| **CONCORDVILLE MOTOR CAR, INC.** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                              FEBRUARY 14, 2018

# MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff Frederick Altieri ("Plaintiff") filed this action against his former employer, Defendant Concordville Motor Car, Inc. ("Defendant"), alleging that he was unlawfully terminated because of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Plaintiff also asserts a state law claim for intentional infliction of emotional distress. Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), Defendant filed a *motion to dismiss* all claims asserted by Plaintiff, that is presently before this Court. [ECF 8]. Specifically, Defendant seeks to dismiss the ADA employment discrimination claim on the basis that Plaintiff has failed to adequately plead facts showing the requisite exhaustion of administrative remedies, as well as the state law intentional infliction of emotional distress claim on the basis that the claim is barred by the applicable two-year statute of limitations. Plaintiff opposes the motion. [ECF 9].[1]

The issues raised in the motion to dismiss have been fully briefed and are now ripe for disposition. For the reasons stated herein, Defendant's motion to dismiss is granted.

---
[1] This Court has also considered Defendant's reply. [ECF 10].

**BACKGROUND**

On October 5, 2017, Plaintiff filed a complaint against Defendant, which was amended following the filing of Defendant's initial motion to dismiss. The operative amended complaint was filed on December 28, 2017. [ECF 6]. The amended complaint, like the original complaint, asserts the two claims noted; *to wit*: an ADA claim (Count I); and a pendant state law claim for intentional infliction of emotional distress (Count II). On January 9, 2018, Defendant filed the underlying motion to dismiss the amended complaint. [ECF 8].

When ruling on Defendant's motion to dismiss, this Court must accept, as true, all relevant and pertinent factual allegations in the amended complaint and construe these facts in the light most favorable to Plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The salient allegations of the amended complaint are summarized as follows:

> Plaintiff worked for Defendant (a car dealership which is alleged to be located in Glen Mills, Pennsylvania) for nineteen years before his termination in 2014. Plaintiff alleges that since the death of his son in 2011, he has suffered from a mental impairment that has substantially limited his ability to function. According to Plaintiff, he was harassed and insulted by Defendant's owners due to his mental condition and the resultant requests for time off.
>
> Plaintiff took a leave of absence from his job on April 4, 2014, pursuant to the Family Medical Leave Act. Within days of commencing this leave, Plaintiff was told "that he did not have a job to come back to." In August 2014, Plaintiff requested to return to work but was "summarily fired due to his fragile mental condition in violation of the Americans [with] Disabilities Act."

**LEGAL STANDARD**

A court may grant a motion to dismiss an action under Rule 12(b)(6) if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) is the appropriate procedure by which to contest a party's timely exhaustion of administrative remedies. *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept all of the complaint's well-

pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11. The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief: it must "show such an entitlement with its facts." *Id.* (citations omitted). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); *see also* In re *Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

**DISCUSSION**

At Count I of the amended complaint, Plaintiff asserts that he was unlawfully terminated by Defendant because of his disability in violation of the ADA. As noted, Defendant moves to dismiss this claim on the basis that Plaintiff has failed to allege facts sufficient to show that he properly exhausted the claim with the Equal Employment Opportunity Commission ("EEOC"). This Court agrees.

Before commencing an ADA action in federal court, a plaintiff must exhaust his/her administrative remedies, which consists of filing a timely charge of discrimination with the EEOC and receiving a right-to-sue letter from the EEOC after it investigates the charge. *Itiowe v. NBC Universal, Inc.*, 556 F. App'x 126, 128 (3d Cir. 2014) (citing *Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir. 1999)). An individual who brings an employment discrimination claim under the ADA must follow the administrative procedures set forth in Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §2000e-5.[2] *Id.* The exhaustion requirement gives the EEOC a chance to settle the case and puts the employer "on notice of the claims likely to be filed against it." *Barzanty v. Verizon Pa., Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) (citing *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996); and 42 U.S.C. §2000e-5(b) and (e)(1)). An ADA claim is not fully exhausted, however, until the plaintiff receives a right-to-sue letter from the EEOC. *Churchill*, 183 F.3d at 190. Although failure to exhaust administrative remedies does not affect a district court's jurisdiction, such failure constitutes a ground for dismissal for failure to state a claim. *Itiowe*, 556 F. App'x at 128 (citing *Angelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 2000)).

>   With respect to administrative exhaustion of his claim, Plaintiff alleges that:
>
>> Prior to the institution of this lawsuit, the Plaintiff informed the Pennsylvania Human Relations Commission that the Plaintiff believes he was a victim of a wrongful termination, because of his mental disability, by the Defendant and that he would be filing this complaint against the Defendant. Plaintiff's administrative remedies have been exhausted giving rise to the instant lawsuit.

(Amend. Compl. ¶5). Though Plaintiff baldly alleges in this single paragraph that he has "exhausted" his administrative remedies, he has not alleged facts sufficient to support this conclusory assertion. Notably, Plaintiff has not alleged anywhere that he filed a charge of discrimination with the EEOC,[3] or that he received a right-to-sue letter from the EEOC, facts essential to satisfying the exhaustion requirement.

---

[2] Section 2005e-5 sets forth the procedure for filing a charge of discrimination with the EEOC and the requirement that a plaintiff exhaust those administrative remedies before filing suit.

[3] Defendant concedes that Plaintiff dual filed a charge of discrimination with the Pennsylvania Human Resources Commission ("PHRC") and EEOC. [*See* ECF 8 at p. 4]. "Pennsylvania plaintiffs may dual-file a charge with both agencies." *Wilson v. Gerber*, 2013 WL 3878686, at *5 (E.D. Pa. July 26, 2013) (citing *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997)). Notably, Plaintiff has not asserted a claim for a violation of the Pennsylvania Human Relations Act in this action.

In response to Defendant's argument in this respect, Plaintiff merely reiterates the assertion in the amended complaint that he "informed the Pennsylvania Human Relations Commission" about his underlying claim, and attaches a February 3, 2016 right-to-sue letter that he received *from the PHRC*. [*See* ECF 9 at p. 11]. Neither Plaintiff's allegations with respect to the PHRC nor the right-to-sue letter that he received from the PHRC, however, satisfies Plaintiff's obligation to exhaust his ADA claim with the EEOC. Under these circumstances, Plaintiff's failure to exhaust the administrative remedies for his ADA claim (Count I) requires dismissal of this claim.

At Count II of the amended complaint, Plaintiff asserts a state law claim for intentional infliction of emotional distress.[4] As described above, this claim is based on the treatment he allegedly suffered during his employment with Defendant. Because Plaintiff last worked for Defendant on April 4, 2014, and Plaintiff did not file his complaint in this matter until October 5, 2017, Defendant argues that this state law claim is barred by the applicable two-year statute of limitations. This Court agrees.

Generally, the statute of limitations is an affirmative defense that a defendant must plead in an answer. In this Circuit, however, a statute of limitations defense may also be raised in a Rule 12(b)(6) motion "if the time alleged in the statement of a claim shows that the cause of

---

[4] As a basis for jurisdiction over his remaining state law claim, Plaintiff cites only to 28 U.S.C. §1367, which provides a district court supplemental jurisdiction over sufficiently related state law claims. Though courts should ordinarily decline to exercise supplemental jurisdiction over state law claims when the federal law claims are dismissed, *see Figueroa v. Buccaneer Hotel Inc*., 188 F.3d 172, 181 (3d Cir. 1999), the decision to exercise supplemental jurisdiction over state law claims is within the district court's discretion. *See* 28 U.S.C. §1367(c). Here, though Plaintiff relies solely on 28 U.S.C. §1331 for original jurisdiction and 28 U.S.C. §1367 for supplemental jurisdiction, the face of Plaintiff's amended complaint suggests that diversity jurisdiction under 28 U.S.C. §1332 might also exist, since Plaintiff is identified as a resident of Florida, and Defendant is identified as a corporation located in Pennsylvania. Under these circumstances, this Court will exercise supplemental jurisdiction over Plaintiff's remaining state law claim.

action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Robinson v. Johnson,* 313 F.3d 128, 134–35 (3d Cir. 2002)). That is, a motion to dismiss can only be granted on the basis of the expiration of the statute of limitations if the statute's applicability is apparent on the face of the complaint. *Robinson*, 313 F.3d at 135; *see also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994); *Bethel v. Jendoco Constr. Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978) ("If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)."). Because the statute of limitations argument is an affirmative defense, the burden of establishing its applicability rests upon the movant, here Defendant. *See* Fed. R. Civ. P. 8(c)(1); *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989).

Plaintiff's alleged state tort claim arose in Pennsylvania; thus, the law of Pennsylvania applies. *See*, *e.g.*, *Zurich Am. Ins. Co. v. Indian Harbor Ins. Co.*, 235 F. Supp. 3d 690, 695 (E.D. Pa. 2017) (applying Pennsylvania law in diversity case); *Caleb v. CRST, Inc.*, 2001 WL 438420, at *2 (E.D. Pa. Apr. 30, 2001) (applying Pennsylvania law and statute of limitations in diversity action). As such, Plaintiff's claim for intentional infliction of emotional distress is subject to Pennsylvania's two-year statute of limitations. *See* 42 Pa. Con. Stat. §5524(7); *Bougher v. University of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989). Under Pennsylvania law, a cause of action accrues, and the statute of limitations begins to run, when a plaintiff is aware, or should be aware, of the existence and source of the claimed injury. *Pocono Intern. Raceway, Inc. v. Pocono Produce, Inc*., 468 A.2d 468, 471 (Pa. 1983). A cause of action generally accrues when the final significant event that would make the claim sustainable occurs. *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985).

As noted, Plaintiff's intentional infliction of emotional distress claim is premised on his allegations that he was mistreated by the owners of his employer during the time that he worked for Defendant. Specifically, Plaintiff alleges that Defendant's owners/agents made "discriminatory remarks and physical acts" against Plaintiff during the course of his employment with Defendant. By Plaintiff's own assertions, he last worked for Defendant on April 4, 2014. It is fair to conclude that all of the allegations with respect to Plaintiff's mistreatment occurred prior to or on his last day of employment on April 4, 2014, and were either known or reasonably knowable to Plaintiff on that date. Therefore, absent any tolling, the applicable two-year statute of limitations expired on Plaintiff's tort claim on April 4, 2016. Because Plaintiff did not commence this action until October 5, 2017, Defendant argues that this tort claim is time-barred.

In response, Plaintiff argues only that the statute of limitations should be tolled during the period that his administrative charges before the PHRC were pending. However, such argument has been repeatedly rejected by district courts in this Circuit. *See, e.g., Brown v. DaVita Inc.*, 2011 WL 5523823, at *3 (E.D. Pa. Nov. 14, 2011) (citing various cases and stating that "district courts in this Circuit have held that filing a charge with the EEOC or PHRC does not toll a related state-law claim."); *Barron v. St. Joseph's Univ.*, 2002 WL 32345690, at *6-7 (E.D. Pa. Jan. 17, 2002) ("District courts in Pennsylvania have extended the logic of *Johnson v. Railway Express Agency*, 421 U.S. 454, 465-66, 95 S. Ct. 1716, 44 L.Ed.2d 295 (1975) in holding that the pendency of a discrimination charge before the PHRC or EEOC does not toll the statute of limitations for related state tort claims."); *Vaughan v. Pathmark Stores, Inc.*, 1999 WL 299576, at *3 (E.D. Pa. May 10, 1999). Therefore, as Plaintiff is not entitled to tolling with respect to his tort claim during the pendency of his administrative proceedings, this Court finds that Plaintiff's state tort claim is time-barred.

**CONCLUSION**

For the reasons stated herein, Defendant's motion to dismiss is granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.